IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JARED WHEAT,<br>JOHN BRANDON SCHOPP, and<br>HI-TECH PHARMACEUTICALS,<br>INC.,<br><br>Defendants. | CRIMINAL ACTION NO.<br>1:17-cr-229-AT-CMS |

## **ORDER**

Before the Court is Defendant Jared Wheat's Motion for Review of the Order Modifying Conditions of His Pretrial Release [Doc. 546] and his accompanying Motion to Stay the Order Modifying Conditions of Pretrial Release [Doc. 547]. As explained below, the Court **AFFIRMS** the Magistrate Judge's Order, (Doc. 545), and **DENIES AS MOOT** the Motion to Stay [Doc. 547].

### I.   **Background**[1]

In September 2017, Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc. were indicted for, among other things, manufacturing and distributing Superdrol, Equibolin, 1-AD, 1-Testosterone, and Androdiol (collectively, "the Products") in violation of the Controlled Substances Act and the Federal Food,

---

[1] The relevant background of this long-running criminal proceeding is laid out in further detail in the Magistrate Judge's order. (Doc. 545 at 1–5).

Drug, and Cosmetic Act because the Products allegedly contained Schedule III anabolic steroids. (Doc. 7). Mr. Wheat was released on bond and ordered not to "violate federal, state, or local law while on release," (Doc. 22 at 1; *see also* 18 U.S.C. § 3142), or "manufactur[e], distribut[e] or sell[] adulterated foods or misbranded drugs," (Doc. 22-1 at 1).

Seven years later, in December 2024, the Government filed a Second Superseding Criminal Indictment. (Doc. 514). It alleges that, despite the pending criminal charges, Hi-Tech continued manufacturing and distributing the Products. (*See id.* ¶¶ 37, 41, 43, 45, 60–63, 65). The Government thus moved in January 2025 to modify Mr. Wheat's conditions of release to "prohibit further distribution of the Products before trial." (Doc. 532 at 6).

On February 7, the Magistrate Judge modified Mr. Wheat's conditions of release to prohibit him from manufacturing or distributing the Products. (Doc. 545).[2] Mr. Wheat appealed and moved to stay the Magistrate Judge's order. (Docs. 546, 547). After oral argument on Mr. Wheat's motions, the parties provided additional information about how much of Hi-Tech's business is made up by the Products. (Docs. 556; 559; 560). This assessment followed.

---

[2] The Government also requested that Mr. Wheat be required to "issue a recall to retailers, distributors, consumers, or other customers who purchased the Products from Hi-Tech." (Doc. 532 at 8). The Magistrate Judge denied this portion of the Government's motion, (Doc. 545 at 7–8), and the Government does not appeal this denial, (Doc. 548 at 7 n.3).

**II.    Discussion**

Upon review, the Court sees no reason to disturb the Magistrate Judge's order, which modifies Mr. Wheat's conditions of release to "stop [him from] engaging in conduct for which he has now twice been federally indicted." (Doc. 545 at 7). At bottom, the Court is satisfied that the modified conditions are proper under 18 U.S.C. § 3142.

First, Mr. Wheat challenges the new conditions of release by arguing that "the sale of these products is legal and Mr. Wheat has not violated the CSA or the FDCA by selling them." (Doc. 546 at 6). This contention goes to the merits of Mr. Wheat's criminal charges and his defense — which he will have the chance to litigate at trial. But for now, the grand jury's finding that the sale of the Products was unlawful is sufficient to support the modified conditions of release.

Next, Mr. Wheat takes issue with the Government's "inaction for the last five years" and alleges that "[t]he only reason the Government is asking to pull the products now is to harm [him] financially as he gears up to litigate this case at trial." (Doc. 546 at 5, 16). Although the Court understands Mr. Wheat's frustration with the litigation delays in this case and the Government's most recent virtually last-moment superseding indictment, he has not established that this modification in bond conditions was requested in bad faith.

Further, the evidence before the Court does not show that prohibiting the sale of the Products before trial will cause Mr. Wheat such significant financial harm as to actually interfere with his funding of his defense. The Government

3

maintains that the sale of the Products represents about 2% of Hi-Tech's business, (Doc. 560 at 1, 3), whereas Mr. Wheat contends that sale of the Products comprised about 7% of Hi-Tech's gross profits last year, (Doc. 556 at 2). Ultimately, neither figure suggests that stopping the sale of the Products until trial imposes an undue financial burden.

### III. Conclusion

Accordingly, the Court **AFFIRMS** the Magistrate Judge's Order Modifying Conditions of Pretrial Release, (Doc. 545), and **DENIES AS MOOT** Mr. Wheat's Motion to Stay the Order [Doc. 547].

**IT IS SO ORDERED** this 13th day of March, 2025.

_____
**Honorable Amy Totenberg**
**United States District Judge**