IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JARED WHEAT,<br>JOHN BRANDON SCHOPP, and<br>HI-TECH PHARMACEUTICALS, INC.,<br><br>    Defendants. | CRIMINAL ACTION NO.<br>1:17-cr-229-AT-CMS |

# ORDER

This proceeding is before the Court on Defendant Jared Wheat's Motion to Modify the Conditions of Pretrial Release. [Doc. 670]. For the reasons below and given the near-immediate beginning of trial, the Motion is **DENIED**.

Mr. Wheat was originally indicted on wire fraud; money laundering; introducing misbranded drugs into interstate commerce; and manufacturing and distributing dietary supplements containing anabolic steroids, a controlled substance. (Docs. 1; 7). Upon Mr. Wheat's initial arrest in 2017, the Magistrate Judge imposed (1) the standard condition that "[t]he defendant must not violate federal, state, or local law while on release" and (2) the special condition that prohibits Defendants from "manufacturing, distributing or selling adulterated food or misbranded drugs[.]" (Doc. 22). Shortly after, the Defendant moved to remove this condition, which the Magistrate Judge denied based on a previous

federal court's finding that DMAA products constituted adulterated food and, thus, its introduction into interstate commerce is a crime. (Doc. 62).

In December 2024, the Government issued a Second Superseding Indictment, which included additional charges of manufacturing and distributing controlled substances as well as counts related to the alleged introduction of adulterated foods into interstate commerce. (Doc. 514). After superseding, the Government moved to modify Mr. Wheat's conditions of release to more specifically prohibit his or Hi-Tech's involvement with the manufacturing or distribution of the five products alleged to contain controlled substances (i.e., Schedule III anabolic steroids). The Magistrate Judge granted that modification,[1] and this Court affirmed that Order. (Docs. 545; 562).

Now, on the eve of trial, the Defendant has again moved to modify his conditions of release. On September 16, 2025, the Government dismissed the controlled substance and introduction of adulterated food charges against the Defendants. (Docs. 661; 667). In the wake of that dismissal, Mr. Wheat seeks a modification of the conditions of release "to allow Hi-Tech to restart sales of the five products that were, but are no longer, charged in the second superseding indictment." (Doc. 670 at 5). The Government opposes. (Doc. 686).

---

[1] The Government also sought the recall of the products at issue, which the Magistrate Judge denied. (Doc. 545 at 7–8).

A grand jury found probable cause to believe that sale of the five Hi-Tech products at issue violated the Controlled Substances Act ("CSA").[2] Resuming sales of products including any amount of controlled substances would potentially establish "probable cause to believe that [Defendant] has committed a Federal, State, or local crime," in violation of his release conditions. Given that jury selection starts this week and that the trial will begin the following week, the Court cannot find that it makes practical or legal sense for the Court to authorize revision of the standing pretrial release provisions at issue. For the foregoing reasons, Mr. Wheat's Motion to Modify the Conditions of Pretrial Release [Doc. 670] is **DENIED**.

**IT IS SO ORDERED** this 13th day of October, 2025.

_____
**Honorable Amy Totenberg**
**United States District Judge**

---

[2] This Court previously concluded that "the Government does not need to prove that Schedule III Controlled anabolic steroids were present in Defendants' products in any particular amount, or that the steroids caused harm to consumers' health, in order to prove the elements of the [Controlled Substance Act] and [Food, Drug and Cosmetics Act] charges." (Doc. 660 at 16). In other words, *any* amount of Schedule III anabolic steroids in Hi-Tech products would constitute a violation of the CSA.