IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>JARED WHEAT,<br>JOHN BRANDON SCHOPP, AND<br>HI-TECH PHARMACEUTICALS, INC. | Criminal Action No.<br><br>1:17-CR-0229-AT-CMS |

**United States's Response to Motion in Limine to Preclude Irrelevant and Unfairly Prejudicial Testimony of Bill Kracht**

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Nathan P. Kitchens and Kelly K. Connors, Assistant United States Attorneys for the Northern District of Georgia, files this response to Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc.'s ("Hi-Tech's") motion in limine to preclude certain testimony from Bill Kracht regarding the NSF audit. (Doc. 734).

As the Court and Defendants know, the government plans to present the testimony of two witnesses from NSF who had a role in the 2010 GMP certification application by Hi-Tech: Bill Kracht, who conducted the on-site inspection of Hi-Tech in late 2010, and Mollie Kober, who reviewed Hi-Tech's subsequent corrective action responses to the GMP compliance issues identified in Kracht's inspection. By doing so, the jury will have a full picture of not only

NSF's initial on-site inspection, but also NSF's subsequent review of Hi-Tech's corrective action responses and the delivery of the revised Corrective Action Report on May 28, 2011, as envisioned in the Court's Order admitting the NSF evidence. (Doc. 732 at 14).

The Defendants seek to preclude NSF auditor Bill Kracht from testifying that (1) he "assumes" Hi-Tech "did not satisfy all of the corrective actions" identified in his initial audit and that (2) Hi-Tech had a "very unusual number of negative findings" compared to his typical audits. (*Id.* at 1–2). In relevant part, the Defendants contend that Mr. Kracht's "assumption" about Hi-Tech's non-completion of all corrective actions is inadmissible under Federal Rule of Evidence 602 as outside his personal knowledge, and they similarly argue that his assessment of the number of deficiencies is unfairly prejudicial under Federal Rule of Evidence 403 because he has no personal knowledge of Hi-Tech's subsequent efforts to correct the negative findings. (*Id.* at 3–4). The government agrees that Mr. Kracht does not have personal knowledge of Hi-Tech's corrective action responses and thus will not seek to elicit either of the challenged areas of testimony unless the Defendants open the door to their admission through their cross-examination. Accordingly, the Defendants' motion in limine should be denied as moot.

By contrast, similar testimony by Ms. Kober is admissible based on her broader personal knowledge of Hi-Tech's audit responses, which the Defendants do not challenge. The Defendants do not seek to preclude testimony from Ms. Kober, who is expected to testify about Hi-Tech's corrective action responses and to state that any manufacturing company with more than thirty compliance issues remaining was "likely not going to be certified within the six-month window before a monitoring audit was due." (Doc. 718-5 at 3). The concerns the Defendants raise regarding Mr. Kracht are not present for Ms. Kober—she has direct personal knowledge of all corrective action responses submitted by Hi-Tech, including the deficiencies cured by the Defendants' submissions, and her knowledge is thus not limited to Mr. Kracht's initial assessment during the on-site inspection. Moreover, the Order admitting evidence of the NSF audit noted that the parties may present facts about the "extensive back-and-forth between Hi-Tech and NSF" after the initial inspection and that "it was also Hi-Tech, and not only NSF, who so severely delayed the necessary corrective actions and caused the circumstances that led to Hi-Tech's decision to disengage from the audit." (Doc. 732 at 13–14). Ms. Kober's assessment of the number of outstanding items requiring correction by Hi-Tech as a cause for the incomplete audit goes directly to this point.

Additionally, arguments raised in Hi-Tech's opening statement have opened the door to Ms. Kober's testimony about the extent of Hi-Tech's corrective action items. *See United States v. Carson*, 447 F. App'x 925, 927 (11th Cir. 2011) (noting that even otherwise inadmissible evidence is admissible in rebuttal "when defense counsel has opened the door to such evidence" (quoting *United States v. West*, 898 F.2d 1493, 1500 (11th Cir. 1990)). In its opening statement, Hi-Tech stated that it did not complete the audit certification process because NSF did not allow certain ingredients that are permissible under FDA regulations. This contention opens the door to the government's rebuttal of this explanation with Ms. Kober's testimony that the number of issues requiring corrective action meant that Hi-Tech was "likely not going to be certified within the six-month window" required to complete the audit. (Doc. 718-5 at 3). Hi-Tech also argued in opening that "Hi-Tech was in fact GMP-compliant, and the government can't prove otherwise." Based on her lengthy experience as a GMP compliance auditor, Ms. Kober's testimony about the extent of Hi-Tech's remaining corrective action issues bears on its GMP compliance, which the Defendants have now put squarely at issue in this case. The Defendants cannot claim that the government lacks evidence of its non-compliance with GMP requirements and then seek to bar the government from presenting such evidence. Ms. Kober will

not testify that Hi-Tech "failed" the NSF audit, and her testimony about the entire course of Hi-Tech's responses presents no "unfair prejudice" that would trigger the "extraordinary remedy" of exclusion under Rule 403. *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989); *see also United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) ("[I]n a criminal trial relevant evidence is inherently prejudicial; it is only when *unfair* prejudice *substantially* outweighs probative value that the rule permits exclusion."). Indeed, the Defendants' opening statement heightens the probative value of Ms. Kober's testimony on this point.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the motion in limine to preclude certain testimony from Bill Kracht as moot because the government will not elicit the two areas of challenged testimony from Mr. Kracht.

        Respectfully submitted,

        THEODORE S. HERTZBERG
        *United States Attorney*

        /s/ NATHAN P. KITCHENS
        *Assistant United States Attorney*
        Georgia Bar No. 263930
        Nathan.Kitchens@usdoj.gov

       /s/ KELLY K. CONNORS
         *Assistant United States Attorney*
        Georgia Bar No. 504787
        Kelly.Connors@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

October 23, 2025

/s/ NATHAN P. KITCHENS

NATHAN P. KITCHENS

*Assistant United States Attorney*