IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL CASE |
| v. : | |
| : | No. 1:17-CR-229 (AT)(CMS) |
| JARED WHEAT, and : | |
| HI-TECH PHARMACEUTICALS, INC. : | |
| _____ : | |

MOTION TO EXCLUDE THE
TESTIMONY OF INGRID ZAMBRANA

Come now JARED WHEAT, and HI-TECH PHARMACEUTICALS, INC. ("Hi-Tech"), Defendants in the above-styled action, by and through undersigned counsel and move this Court to preclude the testimony of Ingrid Zambrana. In support of this motion, the Defendants show:

(1)

The government, through its supplemental Jencks disclosure, appear to indicate that it will call Ingrid Zambrana, a District Director for the Food and Drug Administration ("FDA").

(2)

A review of the memorandum of interview ("MOI") of Ms. Zambrana (attached hereto as Appendix A) indicates that she "worked as a Field Investigator in the San Franscisco and Atlanta District Offices (ADO) for a total of twelve

1

years" and that she "served as ADO's Deputy District Director for two years prior to her current role of District Director."  See Appendix A, attached hereto.

(3)

From the MOI disclosed by the government, it appears that Ms. Zambrana will be testifying in part, as an expert witness on FDA inspection procedures and GMP compliance and, in part, as a fact witness.

(4)

Because the government has failed to provide an expert disclosure as required by F.R.Cr.P. 16(a)(1)(G)(i), and because Ms. Zambrana's testimony is either hearsay or irrelevant, her testimony should be excluded.

ARGUMENT AND AUTHORITY

A. **The Government has Failed to Provide Proper Rule 16 Disclosure as to Ms. Zambrana's Expert Testimony**

"Today, the government's expert witness disclosures must include the following: a complete statement of all opinions that the government will elicit from the witness; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." *United States v. Vega*, 2025 U.S. Dist. LEXIS 200147, *2 (W.D. TX 2025).  The government has provided *absolutely no* documentation required by F.R.Cr.P. 16 pertaining to this expert. *United States v. Causey*, 748 F.

2

32d 310, 319 (7th Cir. 2014 ("district court was within its discretion to exclude the expert testimony" where no notice was provided). *See also*, F.R.Cr.P. 16(d)(2)(C) ("If a party fails to comply with this rule, the court may … prohibit that party from introducing the undisclosed evidence."); *United States v. Hoffecker*, 530 F. 3d 137, 185 (3rd Cir 2008) ("Courts of appeals have upheld exclusion of experts when defendants fail to serve timely notice of their intent to call them as a witness."); *United States v. Petrie*, 302 F. 3d 1280, 1288-89 (11th Cir. 2002) (district court precluded the defendant's expert from testifying for failing to give timely notice).

For example, according to the MOI, Ms. Zambrana recounts at length information concerning inspections conducted by the Atlanta division of the FDA. She described how inspections are "assigned and guided by the FDA's Operations Manual." Appendix A. She details how the "scope of an inspection' is determined by a number of factors, and how the "investigators assigned to an inspection depend on the expertise needed as well as the risk factors associated with the firm's history of compliance and cooperation, or lack thereof." *Id*. Further, she describes the procedures followed by investigators "once they arrive on site, display their credentials, and request to meet with the firm's most responsible person." *Id*. She further recounts the procedures the inspectors adhere to in conducting the inspection. *Id.* Ms. Zambrana also details the post-inspection

duties of the investigators. *Id*. And she talks about the procedures available to the firm that has been inspected and how the firm's responses are handled. *Id*.

This aspect of Ms. Zambrana's testimony is clearly expert testimony as it is based on the "knowledge, skill, experience, training or education" of the witness. *See* F.R.E. 702. As such the government was duty-bound to disclose:

> (1) a complete statement of all opinions that the government will elicit from the witness in its case- in- chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
>
> (2) the bases and reasons for them;
>
> (3) the witness's qualifications, including a list of all publications authored in the previous 10 years; and
>
> (4) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

F.R.Cr.P. 16 (a)(1)(G)(iii). Further, the expert "must approve and sign the disclosure." *Id*. at 16 (G)(v). The government has provided no such disclosure.

"[A]n expert witness, by definition, offers opinions outside the everyday knowledge of judges and juries, [therefore] detailed specificity is required as to bases for those opinions before a court can adequately assess their admissibility or a defendant can contest their weight and meaning before a judge or jury." *United States v. Mrabet*, 703 F.Supp.3d 442, 444 (S.D.N.Y. 2023). For all intents and purposes, "the amendments to Rule 16 largely mirror what has long been required in civil cases under Federal Rule of Civil Procedure 26, [but] these requirements are

4

even more important in criminal cases, since, while civil litigants may depose their opponent's experts in advance of trial, see Fed. R. Civ. P. 26(b)(4), criminal defendants have no such opportunity." *Id.* As such, strict adherence to Rule 16 is necessary if defendants are to put on an effective defense.

Here, there has been no attempt at complying with Rule 16's expert witness disclosure requirement. All that has been provided is the MOI of the interview with Ms. Zambrana. No "statement of all opinions the government will elicit" from her has been provided; no qualifications or publications have been disclosed; no curriculum vitae has been provided; and she has not "approve[d] or signed any disclosure." As such, the government's notice is non-existent, and Ms. Zambrana should not be allowed to testify as to the policies and procedures related to FDA inspections.

    **B.**    **Other portions of Ms. Zambrana's Testimony Should be Excluded on Confrontation Clause Grounds**

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." *Pointer* v. *Texas,* 380 U. S. 400, 406 (1965). The Confrontation Clause "bars the admission at trial of an absent witness's statements" no matter how trustworthy. *Smith v. Arizona*, 602 U.S. 779, 784 (2024). This rule applies with equal force to a witness testifying about the results of testing done by a person who does not testify at trial. In *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), The

Court held that the state's witness, an analyst, testifying about the results of testing done by another absent analyst, violated the Confrontation Clause because the "surrogate testimony could not convey what [the absent analyst] knew or observed." *Id*. at 661.

Here, as in *Bullcoming*, the portion of Zambrana's MOI indicating she is "familiar with Hi-Tech Pharmaceuticals [and] that [Hi-Tech] has a history of non-compliance and lack of cooperation," is not based upon her personal knowledge. She is premising this "familiarity" based upon information provided to her by others and is inadmissible. Similarly, that portion of her MOI concerning the 2019/2020 Hi-Tech inspection has to be premised on the report of others and is similarly inadmissible. *See, e.g., Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).

### C. The Remainder of Ms. Zambrana's Testimony is Irrelevant

Evidence is relevant if "it has a tendency to make a fact more or less probable than it would without the evidence and the fact is of consequence in determining the action. F.R.E. 401. Evidence that is not relevant is inadmissible. F.R.E. 402. The rest of the information detailed in Ms. Zambrana's MOI is irrelevant. The portion describing how civil inspections are conducted by the district office and anything suspected of being criminal is handled by the Office of Criminal Investigations is irrelevant. So too is the fact that civil inspections purportedly had to be delayed because of litigation and the existence of a consent decree. The fact that new

6

regulations are publicly available has no bearing on any issue in the case, and the fact that 483's are provided to the firm and a copy is placed in a file is not pertinent. Any standard approach she describes is not relevant to any fact in issue.

WHEREFORE, this Court should exclude the testimony of Ingrid Zambrana.

Dated, this the 25th of October 2025.

Respectfully submitted.

*/s/ Brian Steel*
Brian Steel
Georgia Bar No. 677640
Colette Resnik Steel
Georgia Bar No. 601092
The Steel Law Firm, P.C.
1800 Peachtree Street, N.W., Ste. 300
Atlanta, Georgia 30309
404-605-0023
thesteellawfirm@msn.com
crsteel@msn.com
*Counsel for Defendant Jared Wheat*

*/s/ Arthur W. Leach*
Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
4080 McGinnis Ferry Road, Ste. 401
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
*Counsel for Defendant*
*Hi-Tech Pharmaceuticals, Inc.*

*/s/ Brian Mendelsohn*
Brian Mendelsohn
Georgia Bar No. 502031
Jeffrey L. Ertel
Georgia Bar No. 249966
The Mendelsohn Ertel Law Group LLC
101 Marietta Street, N.W., Suite 3325
Atlanta, Georgia 30303
(404) 885-8878
Brian@tmelg.com
Jeffrey@tmelg.com
*Counsel for Defendant Jared Wheat*

*/s/ Jack Wenik*
Jack Wenik
One Gateway Center, 13th Floor
Newark, New Jersey 07102
973-639-5221
jwenik@ebglaw.com
Admitted Pro Hac Vice
*Counsel for Defendant*
*Hi-Tech Pharmaceuticals, Inc.*

*/s/ Bruce H. Morris*
Bruce H. Morris
Georgia Bar No. 523575
Finestone Morris & White
3340 Peachtree Road NW
Atlanta, Georgia 30326
404-262-2500
BMorris@FMattorneys.com
*Counsel for Defendant Jared Wheat*

*/s/ J. Stephen Salter*
J. Stephen Salter
8975 Pompano Way
Gulf Shores, Alabama 36542
205-585-1776
umstakwit@aol.com
Admitted Pro Hac Vice
*Counsel for Defendant Jared Wheat*

*/s/ Brian Steel*
Brian Steel
Georgia Bar No. 677640
Colette Resnik Steel
Georgia Bar No. 601092
The Steel Law Firm, P.C.
1800 Peachtree Street, N.W., Ste. 300
Atlanta, Georgia 30309
404-605-0023
thesteellawfirm@msn.com
crsteel@msn.com
*Counsel for Defendant Jared Wheat*

*/s/ Arthur W. Leach*
Arthur W. Leach
Georgia Bar No. 442025
The Law Office of Arthur W. Leach
4080 McGinnis Ferry Road, Ste. 401
Alpharetta, Georgia 30005
404-786-6443
Art@ArthurWLeach.com
*Counsel for Defendant*
*Hi-Tech Pharmaceuticals, Inc.*