IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. |
| JARED WHEAT, JOHN BRANDON SCHOPP, AND HI-TECH PHARMACEUTICALS, INC. | 1:17-CR-0229-AT-CMS |

**United States's Response in Opposition to Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc.'s Oral Motion to Dismiss for Prosecutorial Misconduct**

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Nathan P. Kitchens and Kelly K. Connors, Assistant United States Attorneys for the Northern District of Georgia, files this response in opposition to Defendants Jared Wheat and Hi-Tech Pharmaceuticals, Inc.'s ("Hi-Tech's," and collectively, the "Defendants'") oral motion to dismiss for prosecutorial misconduct.

The pending oral motion is only the latest meritless attack against the prosecution team. The Defendants previously filed a motion to dismiss for selective prosecution, (Doc. 193), which the Court denied after finding that "Defendants have failed to demonstrate that the Government brought this action

for an improper purpose." (Doc. 299 at 23). The Defendants filed a *Franks* motion, supported in part by an erroneous sworn declaration submitted by defense counsel, (Doc. 418 at 12), alleging that the case agent lied in a search warrant application, (Doc. 191), which the Court denied after finding that "Defendants presented no evidence that contradicted Agent [Brian] Kriplean's testimony." (Doc. 479 at 6, 15). And the Defendants already have filed a motion to dismiss for prosecutorial misconduct, (Doc. 673), which the Court summarily denied. (Doc. 713). As it has previously stated, the government takes seriously any accusation of prosecutorial misconduct. But the Defendants have shown a troubling pattern of lodging baseless allegations of wrongdoing to advance litigation goals not supported by the law or evidence.

Here, the Defendants assert that the lead prosecutor engaged in outrageous misconduct in asking the case agent about two emails in a multi-part email chain of an admitted exhibit (Government Exhibit 807) instead of asking the case agent about each email in the chain, including communications that the Defendants deem exculpatory (and which defense counsel explored at length, without objection, during their cross-examinations). The Defendants do not and cannot claim that the government hid or failed to produce any evidence that they deem exculpatory. The Defendants do not and cannot claim that the government

2

prevented them from fully developing their theory of this evidence for the jury during extended cross-examination of the case agent.

The Defendants instead claim that the government violated *Napue v. Illinois*, 360 U.S. 264 (1959), which requires a showing that (1) the witness willfully lied under oath, (2) the government knowingly failed to correct the lie, and (3) the lie was material. *United States v. Horner*, 853 F.3d 1201, 1206 (11th Cir. 2017). But the Defendants do not suggest that the case agent lied—to the contrary, his testimony about Exhibit 807 during both direct examination and cross examination was almost entirely confined to reciting the precise language in the email exchange at counsel's request. The *Napue* claim thus fails at the first step.

The Defendants' argument hinges on the premise that a lawyer commits misconduct by focusing on a portion of an exhibit favorable to its side at the exclusion of portions that opposing counsel may deem favorable to its side. But such advocacy is not only routine in trial practice, and has occurred in innumerable instances in this trial, but also is the duty of each attorney in zealously representing his or her client. No case law or precedent supports the Defendants' position to the contrary.

The Defendants accepted the Court's invitation to consider a "remedy" for government counsel's questioning of the case agent on this exhibit, but any

3

remedy first requires a finding of prosecutorial misconduct.[1] Under Department of Justice policy, any judicial finding of prosecutorial misconduct must be reported to the Office of Professional Responsibility for further investigation and potential discipline. Justice Manual §§ 1-4.310 & 1-4.320. Nothing in the record supports such a finding here.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendants' oral motion to dismiss for prosecutorial misconduct.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/ NATHAN P. KITCHENS
*Assistant United States Attorney*
Georgia Bar No. 263930
Nathan.Kitchens@usdoj.gov

/s/ KELLY K. CONNORS
*Assistant United States Attorney*
Georgia Bar No. 504787
Kelly.Connors@usdoj.gov

---

[1] The government noted that the Defendants already availed themselves of the appropriate remedy to cure any purported misimpression left with the jury: vigorous questioning of the witness to present the defense's position on the exhibit, which was unobjected to by the government.

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

November 7, 2025

/s/ NATHAN P. KITCHENS

NATHAN P. KITCHENS

*Assistant United States Attorney*